22081

James L. SHARPE, as Administrator of the Estate of Bobby Charles Sharpe, Respondent, v. SOUTH CAROLINA DEPT. OF MENTAL HEALTH; William S. Hall, M.D.; Karl V. Doskocil, M.D.; Oliver Norman Evans, M.D.; and Patrick H. McDonaugh, M.D., Appellants.

(315 S. E. (2d) 112)

Supreme Court

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Depty Atty. Gen. Raymond G. Halford, Asst. Attys. Gen. Edwin E. Evans, Robert D. Cook* and *George C. Beighley,* Columbia, *for appellants.*

*Walter G. Metcalfe,* West Columbia, and *Isadore S. Bernstein,* Columbia, *for respondent.*

April 10, 1984.

LEWIS, Chief Justice:

This is an appeal from an order overruling a demurrer to the complaint of respondent.

The South Carolina Department of Mental Health (a State agency) and four licensed physicians on its staff have been sued in this action to recover damages for the alleged wrongful death of a person shot and killed by a mental incompetent who had been treated and released from a facility of the Department about two months before. It is alleged that the Department and the physicians were negligent in at least three particulars in the handling of the incompetent's case, to wit; (1) in his improper treatment, (2) in his improper discharge, and (3) in failing to warn the public concerning his dangerous mental condition.

The present cause of action is expressly premised upon Section 44-7-50, South Carolina Code, 1976, (Supp.) which modifies the doctrine of charitable and sovereign immunity as to hospitals and medical facilities with respect to "any person sustaining an injury or dying by reason of the tortious act of commission or omission of agents, servants, employees or officers of a charitable hospital or medical facility or of a hospital or other medical facility operated or funded by the State...." The statute further directs that liability thereunder shall attach to the hospital entity and not to the individual employee, with the exception of licensed physicians who remain subject to their professional liabilities. The statute limits recovery to actual damages not in excess of $100,000.

A demurrer was interposed to the complaint upon the ground that the defendants were immune from liability by virtue of the provisions of Section 44-17-900, South Carolina Code, 1976. The demurrer was overruled and the defendants have appealed.

Section 44-17-900, relied upon by appellants, states:

Neither the superintendent of a mental health facility nor any other persons legally participating in the release or discharge of a patient shall be liable either civilly or criminally on account of such participation.

Appellants argue that the quoted provisions of Section 44-17-900 absolutely bar an action for the negligent discharge of a patient. This section was enacted in 1974 and is a specific statute dealing with the liability of the public officials who participate in the release or discharge of a mental patient.

Section 44-7-50, *supra*, was adopted in 1977 and is therefore a subsequently enacted general statute modifying the doctrine of charitable and sovereign immunity as to hospitals and mental facilities.

It is well established that statutes of a specific nature ■ are not to be considered as repealed in whole or in part by a later general statute unless there is a direct reference to the former statute or the intent of the legislature to do so is explicitly implied therein. *Strickland v. State*, 276 S. C. 17, 274 S. E. (2d) 430; *Rhodes v. Smith*, 273 S. C. 13, 254 S. E. (2d) 49.

There is no direct reference in Section 44-7-50 to indi- ■ cate a repeal of Section 44-17-900 which bars an action for participation in the discharge of a patient. Neither is there sufficient basis to indulge a repeal of Section 44-17-900 by implication. *Strickland v. State, supra.* Section 44-17-900 has not been repealed and clearly exempts from *all* liability any person legally participating in the release of a mental patient. To hold, as contended by respondent, that the statute applies only to injuries to the patient is read into it provisions which are not contained therein, either expressly or by implication.

The present complaint alleges that the mental incompetent was an inmate of a State mental facility, that the individual defendants were at all times acting within their official capacity, and that they negligently participated in the release of the incompetent. These allegations, admitted for the purposes of demurrer, clearly exempt the appellants from liability, within the meaning of Section 44-17-900, for their actions in releasing the incompetent.

The retention of Section 44-17-900 as an exception to Section 44-7-50 was based upon a valid public purpose. As pointed out in *Estate of Jones v. State*, Mich., 218 N. W. (2d) 89, 93, mental institutions are not prisons, nor institutions where people are consigned to oblivion. There is an appreciation by

the people of the fact that the mentally ill can be treated and returned to the community. If the State and doctors at the state institutions are going to be held liable for the actions of every person they have discharged or released on convalescent status or who has escaped, it will be most difficult to obtain people to work at the institutions. Without this statutory immunity, every time a mistake is made in returning a person to the community, it is going to be that much harder for someone else to be released. These considerations no doubt prompted the retention of the immunity provisions of Section 44-17-900.

However, the conclusion that Section 44-17-900 establishes an exception to Section 44-7-50 is not dispositive of the appeal; for the complaint alleges not only negligence in the discharge of the patient but also in his actual treatment and in the failure to notify the public. In other words, the complaint contains allegations which may state other grounds for recovery not protected by the provisions of Section 44-17-900. The trial judge, therefore, properly overruled the demurrer under the principle that, if the facts alleged entitled plaintiff to any relief on any theory of the case, the complaint must be sustained. *Lawson v. C. & S. Bank of South Carolina,* 255 S. C. 517, 520, 180 S. E. (2d) 206.

The order overruling the demurer is accordingly affirmed, as modified, and the case remanded for trial in accordance with the conclusions herein.

Affirmed and remanded.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.