0490

WESTVIEW BAPTIST CHURCH, formerly known as Glen Terrace Baptist Church, Appellant, v. Bishop, S. K. REMBERT, Chairman of the Charleston County Tax Exempt Board, T. T. Mappus, Thomas P. Lesesne, III, Charlotte Humphries and Bernice Robinson, members, Pauline S. Koger, ex-officio member and the South Carolina Tax Commission of whom the South Carolina Tax Commission is, Respondent.

(331 S. E. (2d) 382)

Court of Appeals

*Clyde H. Turner,* Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. Joe L. Allen, Jr.* and *Asst. Atty. Gen. Ronald W. Urban,* Columbia, *for respondent.*

Heard April 15, 1985.

Decided June 5, 1985.

SHAW, Judge:

The questions raised by this appeal concern (1) the viability of the Charleston County Tax Exempt Board, (2) the authority of the Board to revoke tax-exempt status, and (3) the accuracy of the Board's determination land owned by appellant Westview Baptist Church is not exempt. The Board first granted and then revoked the church property's exemption status. Respondent South Carolina Tax Commission concluded the Board had the power to revoke the exemption, and the circuit court affirmed. We too affirm.

Westview Baptist Church formerly owned 17.5 acres of real property in Charleston County. The church applied for an agricultural use value assessment of its land for the years 1976, 1977, and 1978, and the county granted the assessment. However, when Westview sold the property the county levied an agricultural roll back tax of $1,900 for the years in question. To avoid the roll back, the church requested a retroactive declaration of exemption from ad valorem taxes under the statute exempting church property "actually occupied by the owners."

At its first hearing on this request, the Charleston County Tax Exempt Board granted the exemption. However, at a second hearing one month later, called on the pretext the first violated the public notice requirements of the Freedom of Information Act, the Board denied the exemption for 13 of the 17.5 acres. Westview appealed to the Tax Commission, arguing the Board had no authority to reconsider its ap-

plication and the first decision was the law of the case. The Commission concluded, among other things, the Board had authority to revoke tax exempt status and the circuit court affirmed.

I.

In 1969 the General Assembly (1) created the Board, (2) empowered it "to determine if any real or personal property qualifies for exemption from local property taxes, or any of them," and (3) provided the right to appeal its decisions to the Commission. No. 494 §§ 1-2,5, 1969 S. C. Acts 857-859. The legislature amended Act No. 494 by No. 587, 1971 S. C. Acts 1089; No. 1489, 1972 S. C. Acts 2735; and No. 619, 1976 S. C. Acts 1655. In 1978 the General Assembly passed a statute making it "the duty of the Commission to determine if any real or personal property qualifies for exemption from local property taxes." S. C. Code Ann. § 12-3-145A (Supp. 1984).

The circuit court held by enacting § 12-3-145A, the legislature impliedly repealed Act No. 494 and divested the Board of its authority. We disagree.

Special acts remain valid until repealed. *Berry v. Weeks*, 279 S. C. 543, 309 S. E. (2d) 744, 746 (1983).

Moreover, specific statutes are not considered repealed by later general statutes "unless there is a direct reference to the former statute or the intent of the legislature to do so is explicitly implied therein." *Sharpe v. South Carolina Department of Mental Health*, 281 S. C. 242, 315 S. E. (2d) 112, 113 (1984); *Strickland v. State*, 276 S. C. 17, 274 S. E. (2d) 430, 433 (1981). Section 12-3-145A makes no direct reference to Act No. 494 and we have found no evidence the legislature intended to repeal the Act. Therefore, the law creating the Charleston County Tax Exempt Board remains valid.

II.

The circuit court held in the alternative if the Board is still viable, it has authority to revoke exemptions. We agree.

Act No. 1489 amended Act No. 494 to read as follows: "The Tax Exempt Board shall have authority to revoke tax-exempt status of property which does not

qualify under the provisions of the Constitution and General Law of South Carolina." Westview's argument Act No. 494 authorizes the Board to review exemption status only once per year is incorrect. While the Act provides taxpayers must reapply for tax-exempt status every year, it does not preclude the Board from revoking an exemption within the year it is granted. Although Westview contends constant review is impractical, it is not our province to question the wisdom of the legislature's scheme.

### III.

Finally the circuit court held assuming it has authority to revoke exemptions, the Board correctly determined the exemption for 13 acres of Westview's land should be revoked. We agree.

State law exempts "all property of all ... churches, parsonages, and burying grounds." S. C. Code Ann. § 12-37-220A(3). However, it also limits the exemption to "buildings and premises actually occupied by the owners of such real property." Section 12-37-220A (last sentence). "As a general rule, tax exemption statutes are strictly construed against the taxpayer." *Hibernian Society v. Thomas*, 282 S. C. 465, 319 S. E. (2d) 339, 344 (Ct. App. 1984).

The Commission found Westview "actually occupied" only 4.5 acres of its land. The circuit court affirmed, holding the Commission's finding was supported by substantial evidence. *See* S. C. Code Ann. § 1-23-380(g)(5) (1976 & Supp. 1984) (courts can reverse or modify administrative agency decisions if their findings are "[c]learly erroneous in view of the ... substantial evidence on the whole record"). The record, which does not contain the transcript of any of the hearings in this case, only a summary of the proceedings of the second meeting of the Board, supports this holding. It states a member of the Board asked a member of the church "how much of the property was used for church purposes [and the member of the church answered] approximately 5 acres of cleared land. He said the remaining 12 acres was not used for anything as it was mostly foilage [sic] and still is." The record also states the chairman of the Board asked another member of the church "how much of the property was used for the church and [the

member of the church] responded that only the cleared portion of the property could be used and the rest was in woods and pot holes and if you wandered back there you would be eaten by mosquitos." The pastor of the church responded [to this testimony] by saying that he agreed there were pot holes and it was not cleared but he did not agree that it was not used because he said [church] kids run through there, etc." Based on this testimony we agree approximately 13 acres of Westview's property were not "actually occupied" for purposes of the tax exemption statute.[1]

Affirmed.

SANDERS, C. J. and BELL, J., concur.

---

1. Westview argues on appeal state taxation of church property violates the federal constitution. Since Westview did not make this argument before the Board, the Commission, or the circuit court, we cannot address it. *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311, 313 (1980).