23758

Donna E. BYERS, Appellant v.
WESTINGHOUSE ELECTRIC CORPORATION, Respondent.

(425 S.E. (2d) 23)

Supreme Court

*J.C. Nicholson, Jr.* of *Epps, Krause, Nicholson & Stathakis,* Anderson, *for appellant.*

*Kenneth E. Young* and *Edwin L. Turnage* of *Nelson, Mullins, Riley & Scarborough,* Greenville, *for respondent.*

Heard Nov. 4, 1992; Decided Dec. 14, 1992.

Reh. Den. Jan. 20, 1993.

CHANDLER, Justice:

On appeal is an Order granting Respondent's (Westinghouse) motion for summary judgment. We affirm.

## FACTS

Appellant Donna Byers (Employee) was a press line operator in the layup room of Westinghouse's Pendleton Plant, which manufactures circuit boards. The layup room is oper-

ated by three employees; a fourth employee, a relief person, is available when one of the three layup employees must leave the room. For safety reasons, it is company policy that three employees be in the layup room at all times.

Janet Jones, Employee's supervisor, testified that she met with all layup room personnel, including Employee, on October 15, 1990, informing them "not to leave the layup room if their leaving would mean only two employees would remain." Approximately two weeks later, Jones observed Employee repeatedly going in and out of the layup room without calling for the relief person. Jones again admonished Employee not to leave the room while only two employees remained.

On November 6, 1990, Jones entered the layup room and discovered that Employee had left two minutes prior to her scheduled lunch break, leaving only two employees in the layup room. Employee was subsequently terminated for insubordination pursuant to Rule "A-2" of Westinghouse's employee handbook.

Rule "A-2" provides in part:

> A. Any of the following actions by an employee are considered *extremely serious misconduct* and may result in immediate discharge:
>
> \* \* \* \* \* \*
>
> 2. Insubordination, including failure to carry out definite instructions or assignments.

Employee commenced this action for breach of contract,[1] alleging that her conduct did not warrant termination. Rather, she contended that the conduct was governed by Rule "C-2" of the handbook, which provides:

> C. The following actions are considered *misconduct.* The first offense may result in a written warning. A second offense, not necessarily of the same type, may result in a three-day suspension without pay. A third offense, not necessarily of the same type, may result in suspension without pay subject to discharge.

---

[1] Westinghouse does not contest that the employee handbook here constitutes a contract of employment. *See Smalls v. Spring Industries,* 292 S.C. 481, 357 S.E. (2d) 452 (1987).

* * * * * *

2. Absence from work area without permission or satisfactory reason or leaving job or work area before lunch period or end of shift.

Circuit Court granted Westinghouse's motion for summary judgment on the ground that Employee's misconduct, as admitted by her, constituted insubordination pursuant to Rule "A-2."

## ISSUE
Was Westinghouse entitled to summary judgment?

## DISCUSSION
It is well established that summary judgment should be granted only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Rule 56(c), SCRCP; *Marr v. City of Columbia*, — S.C. —, 416 S.E. (2d) 615 (1992). In determining whether summary judgment is proper, the court must construe all ambiguities, conclusions, and inferences arising from the evidence against the moving party. *SSI Medical Serv. Inc. v. Cox*, 301 S.C. 493, 392 S.E. (2d) 789 (1990).

Here, the record conclusively establishes that Employee was terminated for leaving the layup room while only two employees remained to perform the operations, after being told twice not to do so. In her deposition, Employee admitted that Jones had twice told her not to leave the layup room with only two employees in it. Moreover, she admitted, further, that she left the layup room on November 6, leaving only two employees.

Employee's conduct clearly falls within the terms of Rule "A-2" of Westinghouse's employee handbook.[2] This conduct is unchallenged and, indeed, is admitted. Accordingly, summary judgment was proper. *See Medical Services, Inc. v. Cox, supra* (nonmoving party to summary judgment motion cannot

---

[2] While Employee's conduct may fall within Rule "C-2," the conduct, without dispute, also falls within Rule "A-2." Westinghouse was entitled to proceed under either rule.

rest on allegations in his pleadings that are controverted by affidavits or depositions submitted by moving party).

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.