24052

George CALVERT, Respondent v. HOUSE BEAUTIFUL PAINT AND DECORATING CENTER, INC., Petitioner.

(443 S.E. (2d) 398)

Supreme Court

*Robert A. McKenzie* of *McDonald, McKenzie, Fuller, Rubin and Miller*, Columbia, *for petitioner.*

*S. Jahue Moore* and *John D. O'Day* both of *Kirkland, Wilson, Moore, Allen, Deneen and Taylor*, West Columbia, *for respondent.*

Heard Mar. 1, 1994.

Decided Apr. 25, 1994. Reh. Den. May 18, 1994.

CHANDLER, Acting Chief Justice:

We granted a writ a certiorari to review the Court of Appeals memorandum decision in this slip and fall case. We reverse.

## FACTS

Petitioner (House Beautiful) operates a small retail paint store that has only three aisles. Respondent (Calvert) was a customer in the store when he slipped and fell on a slick substance in the paint base aisle. The record indicates the following facts.

Victor Carilli, the store owner, opened the store about an hour and a half before Calvert's fall. Only one or two customers came into the store that morning. It was Carilli's habit to make an inspection of the store every morning. He was in the paint base aisle waiting on another customer immediately before Calvert's fall and did not see any substance on the floor. Carilli's son swept the store after closing the evening

before Calvert's fall.

The trial judge granted House Beautiful's motion for summary judgment on the ground there was no evidence to establish House Beautiful had constructive notice of the condition. The Court of Appeals reversed, holding there was a reasonable inference the substance had been on the floor long enough to have been discovered.

## DISCUSSION

House Beautiful contends the Court of Appeals erred in reversing the order granting summary judgment because there is no question of material fact regarding constructive notice of the unsafe condition. We agree

Summary judgment should be granted only when there is no genuine issue as to any material fact and the moving party is entitled judgment as a matter of law. *Byers v. Westinghouse Electric Corp.*, ___ S.C. ___, 425 S.E. (2d) 23 (1992). In determining whether summary judgment is proper, the court must construe all inferences arising from the evidence against the moving party. *Id.*

A customer who seeks to recover for injuries sustained in a fall caused by a foreign substance on a storekeeper's floor must prove the storekeeper's floor must prove the storekeeper had actual or constructive notice the foreign substance was on the floor. *Wimberly v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 165 S.C. (2d) 627 (1969). The mere fact the substance was on the floor is insufficient standing alone to charge the storekeeper with negligence. *Anderson v. Winn-Dixie Greenville, Inc.*, 257 S.C. 75, 184 S.E. (2d) 77 (1971).

Here, the record reveals no evidence of constructive notice. The evidence establishes only that the storekeeper inspected the store each morning before opening, the store was swept after closing the previous day, and no foreign substance was on the floor immediately before Calvert's fall. We find the trial judge properly granted House Beautiful's motion for summary judgment. Accordingly, the decision of the Court of Appeals is

Reversed.

CHANDLER, Acting C.J., and FINNEY, TOAL and MOORE, JJ., concur.