2260

Janice HUNTER, as Administratrix of the Estate of Nancy Lynn Hunter, Deceased, Appellant v. NATIONWIDE MUTUAL INSURANCE COMPANY, INC., Larry Lee, Jr., and Larry Lee, Sr., Respondents.

(453 S.E. (2d) 900)

Court of Appeals

*James H. Moss* and *H. Fred Kuhn, Jr.,* of *Moss & Kuhn,* Beaufort, *for appellant.*

*Thomas J. Finn* and *George E. Mullen,* of Hilton Head, *for respondents.*

Submitted Nov. 1, 1994.

Decided Nov. 28, 1994; Reh. Den. Feb. 23, 1995.

GOOLSBY, Judge:

This is an automobile insurance case. The trial court granted summary judgment to Nationwide Mutual Insurance Company in Janice Hunter's declaratory judgment action, finding the liability policy in issue did not provide coverage. Hunter appeals. We affirm.[1]

Nancy Lynn Hunter was killed in an automobile accident involving a 1986 Dodge driven by Larry Lee, Jr. Her mother, Janice Hunter, brought an action in federal court against Larry Lee, Jr. and Larry Lee, Sr. The parties settled the case for $125,000, stipulating Larry Lee, Jr. was negligent in causing Nancy Lynn Hunter's death and Larry Lee, Sr. was vicariously liable under either the family purpose doctrine or the theory of negligent entrustment. The 1986 Dodge was insured by Nationwide under a policy issued to Larry Lee, Jr. with $25,000 liability coverage. That coverage has been paid. As to the remaining balance of $100,000, the transcript of settlement indicated it "shall be at issue in" "the subsequent declaratory judgment action brought in the name of Janice Hunter, or in the name of any party selected by the plaintiffs against Nationwide Mutual Insurance Company."

The declaratory judgment action was filed in state court to determine whether additional liability coverage was available under another Nationwide policy issued to Larry Lee, Sr.

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

That policy covered three other automobiles and had a coverage of $100,000.

The trial court granted summary judgment to Nationwide, holding (1) the 1986 Dodge was not one of the vehicles listed under the declarations and, therefore, there was no coverage under the general liability provision of the policy, and (2) the extended coverage provisions of the policy did not apply because the Dodge vehicle involved in the accident was owned by Larry Lee, Sr. and was provided for the regular use of Larry Lee, Jr.

Summary judgment should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Calvert v. House Beautiful Paint and Decorating Center, Inc.*, 313 S.C. 494, 443 S.E. (2d) 398 (1994).

Under the liability coverage section of the policy in question, the insurance agreement states Nationwide will pay for damages "if you become legally obligated to pay damages resulting from the ownership, maintenance, use, loading or unloading of *your auto*. . . . Anyone living in your household has this protection." (Emphasis added.) The term "your auto" is defined as the "vehicle or vehicles described in the attached declaration." The 1986 Dodge was not one of the vehicles listed in the declarations of this policy. Under the clear terms of this section, no liability coverage was provided for the accident. *See Willis v. Fidelity and Casualty Co. of New York*, 253 S.C. 91, 169 S.E. (2d) 282 (1969) (in absence of a statutory provision for the extension of coverage of an automobile liability policy to automobiles other than those described in the policy, the insurer does not cover the insured's liability resulting from the use of such other automobiles).

The liability portion of the Nationwide policy also contains an extended coverage section addressing "Use of Other Motor Vehicles." The section provides, in part, as follows:

> Your auto's Property Damage and Bodily Injury Liability insurance also applies to certain other motor vehicles:
>
> · · · ·
>
> (3) It applies to a motor vehicle that belongs to someone who is not a member of your household. This protection

applies only when the vehicle is being used by you or relatives living in your household. . . . Protection does not extend to losses:

. . . .

(b) that occur while the vehicle is furnished to you or a member of your household for regular use.

Hunter alleges Larry Lee, Jr. maintained a separate residence but was staying at his father's home temporarily when the accident occurred. She further alleges that, even though the 1986 Dodge was titled in the name of Larry Lee, Sr., a genuine issue of material fact exists as to whether the car "belonged" to Larry Lee, Jr. in that Larry Lee, Jr. used the car, maintained the insurance on it, and reimbursed his father for the payments. Based on these allegations, Hunter argues the extended coverage section applies to this case because Larry Lee, Jr., the purported owner of the car, was not a "member" of Larry Lee, Sr.'s household, but was nevertheless a "relative in [the] household," and therefore was entitled to coverage under the policy for the accident. We disagree.

The policy clearly defines "relative" as "one who *regularly* lives in your household, related to you by blood, marriage or adoption" (emphasis added). If, as Hunter appears to allege, Larry Lee, Jr. was staying at his father's residence only temporarily, he could not be considered a "relative living in [the] household" for coverage to apply.

Hunter also argues the trial court should have ruled as a matter of law that the judgment in the federal court action against Larry Lee, Sr. under the theory of negligent entrustment or the family purpose doctrine required Nationwide to pay the policy amount. We disagree. The judgment in the federal court action did not address whether the policy in question affords coverage or not. Rather, the parties in that action specifically reserved the issue of coverage to be determined in this declaratory judgment action.

Hunter's final argument, that the trial court erred in not ruling on the extended policy provisions for coverage under the comprehensive family liability provisions of Nationwide's Century II Automobile policy and amendatory endorsements is without merit. The policy clearly states that section applies to "damage or injury to others from nonvehicular causes."

Affirmed.

HOWELL, C.J., and SHAW, J., concurs.