2520

Brenda D. BISHOP, as Guardian ad Litem for Bobbi Hatley ROBERTSON, Appellant v. SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH, Respondent.

(473 S.E. (2d) 814)

Court of Appeals

*H.W. Pat Paschal, Jr.*, of *Miller & Paschal*, Greenville, *for appellant.*

*Ashby W. Davis* and *Steven A. Snyder*, both of *Donnan, Morton & Davis*, Greenville, *for respondent.*

Heard May 7, 1996.

Decided June 10, 1996; Reh. Den. Aug. 22, 1996.

HEARN, Judge:

This is an appeal from an order granting summary judgment to the South Carolina Department of Mental Health in a negligence case. We affirm.

The complaint alleges Tammie Lee Hatley was referred for emergency admission to the department on March 1, 1990, after making threats against her minor child, Bobbi Hatley Robertson, and her own mother, Brenda D. Bishop. The minor allegedly suffered physical abuse at the hands of Tammie Lee Hatley after Hatley was released by the Department of Mental Health on March 2, 1990. The complaint asserts the department was negligent in releasing Hatley, in failing to warn of her release, and in failing to diagnose and treat Hatley for those illnesses which caused her to have dangerous propensities toward her child. In granting the department's motion for summary judgment, the circuit court summarized the facts as follows:

[O]n March 1, 1990, [Brenda Bishop] signed an affidavit which lead [sic] to the involuntary commitment of Tammie Hatley, her daughter, to the South Carolina Department of Mental Health for the underlying reason of mental illness and specifically because Tammie Hatley allegedly had made threats of some nature against Brenda Bishop the Plaintiff which involved Bobbie Hatley Robertson, the minor child of Tammie Hatley. At the time [the child] was in the legal custody of Brenda D. Bishop. Tammie Hatley was lawfully committed to the Patrick B. Harris Psychiatric Hospital where she was examined by a physician, observed by nurses, and interviewed by a social worker. Two designated examiners, pursuant to law, made their examination of Tammie Hatley and determined that she was not mentally ill and therefore was properly released pursuant to an order from the Probate Court Judge of Greenville County on March 2, 1990. On March 3, 1990, Tammie Hatley appeared at the home of Brenda Bishop and spent several hours in the company of Brenda Bishop, her mother, after which Brenda Bishop agreed to allow Tammie Hatley to have custody of young Bobbie Hatley Robertson for a specific period of time. The child left in the company of Tammie Hatley and later that day was returned by Tammie Hatley. Upon her return, the Plaintiff, Brenda Bishop noticed green felt tip magic markings on the arms and body including the abdominal and vaginal area of Bobbie Hatley Robertson. The child was examined by a physician at the Greenville Memorial Hospital but no evidence of any penetration or lacerations were found.

The court held the department was not civilly liable for deciding to release Hatley pursuant to the provisions of S.C. Code Ann. §§ 15-78-60 and 44-17-900. The court also concluded the department had no duty to warn Brenda Bishop about Hatley's release and that Bishop was well aware of Hatley's alleged threats at the time she permitted Hatley to take the child for visitation. Finally, with respect to the allegation of failure to diagnose and treat, the court held any duty owed by the department was to Hatley and not to third parties.

Summary judgment should be granted only when there is no genuine issue as to any material fact and the moving party

is entitled to judgment as a matter of law. It should be granted when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ. *NationsBank v. Scott Farm*, — S.C. —, 465 S.E. (2d) 98 (Ct. App. 1995). However, the court must construe all inferences arising from the evidence against the moving party. *Calvert v. House Beautiful Paint and Decorating Center, Inc.*, 313 S.C. 494, 443 S.E. (2d) 398 (1994); *Koester v. Carolina Rental Center, Inc.*, 313 S.C. 490, 443 S.E. (2d) 392 (1994).

## I.

Appellant argues the court erred in granting summary judgment to the department because it had a common law duty to warn the child's custodian of Hatley's release since the child was a specific potential victim of her mother.

South Carolina law does not recognize a general duty to warn of the dangerous propensities of others. *Sharpe v. S.C. Dep't of Mental Health*, 292 S.C. 11, 354 S.E. (2d) 778 (Ct. App. 1987), *cert. dismissed*, 294 S.C. 469, 366 S.E. (2d) 12 (1988); *Rogers v. S.C. Dep't of Mental Health*, 297 S.C. 363, 377 S.E. (2d) 125 (Ct. App. 1989). However, our Supreme Court recently addressed the duty to warn in the context of the furlough release of a prison inmate. The court stated as follows:

> [W]hen a defendant has the ability to monitor, supervise, and control an individual's conduct, a special relationship exists between the defendant and the individual, and the defendant may have a common law duty to warn potential victims of the individual's dangerous conduct. [citations omitted] We hold such a duty to warn arises when a person being released from custody has made a specific threat of harm directed at a special individual.

*Rogers v. S.C. Dep't of Parole*, — S.C. —, 464 S.E. (2d) 330 (1995).

According to the record on appeal, Hatley was referred to the department upon a complaint by her mother for emergency admission for "involvement is Satanism and reading about child sacrifice and threatening her mother and daughter." Two designated examiners were appointed to determine if Hatley was mentally ill. Hatley's discharge sum-

mary stated she was found "not mentally ill" and was discharged by order of the probate court. The discharge summary also stated Hatley related to the examiners she had no intention of hurting herself or her family and she denied involvement in child sacrifice. In this case, the evidence establishes Hatley did not make a specific threat of harm to her child while in the department's custody and, therefore, the department had no duty to warn of her release. Further, the child's guardian, Brenda Bishop, was obviously aware of Hatley's release when Hatley appeared at her home. Despite her own recent concerns, Bishop allowed Hatley to take the child from her home. We find no error in the court's decision to grant summary judgment to the department on this issue.

## II.

Appellant contends the court erred in granting summary judgment to the department on the issue of alleged negligence in the diagnosis and treatment of Hatley because the minor child was a foreseeable plaintiff within the scope of danger and the department owed a duty of care to her. We find no error. If the department deviated from accepted standards of professional care in treating Hatley, it breached a duty of care to her and not the minor child. *Sharpe v. S.C. Dep't of Mental Health*, 292 S.C. 11, 354 S.E. (2d) 778 (Ct. App. 1987) (concurring opinion of Bell, J.), *cert. dismissed*, 294 S.C. 469, 366 S.E. (2d) 12 (1988).

The decision of the circuit court is

Affirmed.[1]

HOWELL, C.J., and CONNOR, J., concur.

---

[1] In her brief, Appellant conceded the circuit court was correct in granting summary judgment to the department with respect to the decision to discharge Hatley from its treatment facility. *Sharpe v. S.C. Dep't of Mental Health*, 281 S.C. 242, 315 S.E. (2d) 112 (1984).