UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JANICE MARIE THOMASON,
Plaintiff-Appellant,

v.

No. 99-1447

HITACHI ELECTRONIC DEVICES (USA),
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CA-98-1870-6-13AK)

Submitted: August 31, 1999

Decided: September 27, 1999

Before NIEMEYER and LUTTIG, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Susan P. Ingles, Julie M. Bondura, INGLES LAW FIRM, Greenville,
South Carolina, for Appellant. J. Hamilton Stewart, III, William H.
Floyd III, Janet Q. Lewis, OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C., Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Janice Marie Thomason appeals from the district court's order granting summary judgment in favor of Hitachi Electronic Devises (USA), Inc. on her Title VII, 42 U.S.C.A. § 2000e-2(a)(1) (1994), and breach of contract action. Finding no error, we affirm.

Thomason contends that the district court erred when it granted summary judgment on her claim of sexual discrimination by her supervisor, Mark Steinmetz. Thomason testified at her deposition that after she availed herself of Hitachi's grievance procedure, Steinmetz's behavior did not continue because he was terminated shortly thereafter for unrelated reasons. Thus, Thomason failed to demonstrate any basis on which to impute liability for Steinmetz's acts to Hitachi. See Brown v. Perry, ___ F.3d ___, 1999 WL 504814 at *5-7 (4th Cir. July 14, 1999) (No. 97-1501).

We further find that the district court properly granted summary judgment in favor of Hitachi on Thomason's claim that Hitachi terminated her seven months after she complained about Steinmetz, and that the termination was in retaliation for her use of the grievance process. In order to make out a prima facie case for retaliation, Thomason had to show that she engaged in a protected activity, that she suffered an adverse employment action, and that the two events were causally related. See Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 754 (4th Cir. 1996); Carter v. Ball, 33 F.3d 450, 460 (4th Cir. 1994). Thomason produced no evidence that her supervisor or the department manager who decided to terminate Thomason knew of her prior complaint against Steinmetz. She thus failed to show that their decision to terminate her was causally related to a protected activity. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998).

2

Further, although two employees involved in the termination decision, Tom Hay and Chip Callahan, knew of her complaint against Steinmetz, Thomason failed to adduce any evidence from which a jury could conclude that their legitimate, nondiscriminatory reason for upholding her termination was a pretext for discrimination. Accordingly, the district court properly granted summary judgment in favor of Hitachi. See Gillins v. Berkeley Elec. Coop., Inc., 148 F.3d 413, 417 (4th Cir. 1998); Carter, 33 F.3d at 460.

A review of the record and South Carolina case law reveals that the district court also properly granted summary judgment on Thomason's breach of contract claim. Hitachi produced evidence that Thomason was sleeping on the job. Thomason did not refute this allegation, claiming that she fell asleep because she was ill. In a claim for unemployment benefits, Thomason admitted she was fired because she "overslept." Thus, because she committed an act for which she could have been terminated under the terms of the handbook, the district court properly granted summary judgment to Hitachi. See Byers v. Westinghouse Elec. Corp. , 425 S.E.2d 23, 24 (S.C. 1992).

We further find that the district court properly granted summary judgment on Thomason's other claims because she did not include these claims in her administrative charge or in original complaint and because she did not amend her pleading to include such claims. See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998); Nealon v. Stone, 958 F.2d 584, 589-90 (4th Cir. 1992). To the extent that she attempts to raise new claims on appeal, those claims are also barred. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3