THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Nancy Browning,       
Appellant,
 
 
 

v.

 
 
 
Bi-Lo, Inc.,       
Respondent.
 
 
 

Appeal From Union County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2004-UP-504
Submitted October 1, 2004  Filed October 
 8, 2004

AFFIRMED

 
 
 
Nancy Browning, of Union, Pro Se.
Samuel W. Outten and Laurel R.S. Blair, both of Greenville, for Respondent.
 
 
 

PER CURIAM:  This is a slip and fall case.  
 Nancy Browning appeals from the circuit courts order granting summary judgment 
 to Bi-Lo, Inc.  We affirm. [1] 
FACTS
On August 21, 1998, Browning slipped and fell on 
 a substance in a Bi-Lo grocery store.  As a result of the fall, Browning sustained 
 an injury to her right shoulder.  She subsequently filed suit against Bi-Lo.  
 Bi-Lo answered, denying liability and averring that Browning was comparatively 
 negligent.  Bi-Lo then moved for summary judgment, which the circuit judge granted.
STANDARD OF REVIEW
When reviewing the grant of summary judgment, 
 the appellate court applies the same standard applied by the trial court pursuant 
 to Rule 56(c), SCRCP.  Fleming v. Rose, 350 S.C. 488, 567 S.E.2d 857 
 (2002).  Summary judgment is appropriate when there is no genuine issue of material 
 fact such that the moving party must prevail as a matter of law.  Rule 56(c), 
 SCRCP; Tupper v. Dorchester County, 326 S.C. 318, 487 S.E.2d 187 (1997).
LAW
I.
Browning argues the 
 circuit judge erred in granting Bi-Los motion for summary judgment.  We disagree.
To recover damages for 
 injuries caused by a dangerous or defective condition on a storekeepers premises, 
 the plaintiff must show either (1) that the injury was caused by a specific 
 act of the defendant which created the dangerous condition; or (2) that the 
 defendant had actual or constructive knowledge of the dangerous condition and 
 failed to remedy it.  Wintersteen v. Food Lion, Inc., 344 S.C. 32, 542 
 S.E.2d 728 (2001).  In the case of a foreign substance, the plaintiff must demonstrate 
 either that the substance was placed there by the defendant or its agents, or 
 that the defendant had actual or constructive notice the substance was on the 
 floor at the time of the slip and fall.  Id. at 35, 542 S.E.2d at 729-30.  
 The mere fact the substance was on the floor is insufficient standing alone 
 to charge the storekeeper with negligence.  Calvert v. House Beautiful Paint 
 & Decorating Ctr., Inc., 313 S.C. 494, 443 S.E.2d 398 (1994).
Here, the record reveals no evidence 
 that Bi-Lo either placed the foreign substance on the floor or had actual or 
 constructive notice that the substance was on the floor before Brownings fall.  
 In her deposition, Browning testified that she did not see the alleged foreign 
 substance before she fell because she was not looking at the floor and she had 
 no idea who placed the substance on the floor.  When asked what evidence she 
 had that Bi-Lo was on notice of the substance on the floor prior to her fall, 
 Browning stated there was a video camera operating [r]ight above the place 
 where she fell.  Browning asserts Bi-Lo had constructive notice by virtue of 
 a camera directed at the location where the fall occurred and the presence of 
 a monitor fed by the camera in an area allegedly observable by Bi-Lo employees 
 at the time of the fall.  There is no evidence the mere presence of a camera 
 constituted constructive notice to Bi-Lo.  Additionally, the presence or absence 
 of an incident report completed after Brownings fall has no bearing on Bi-Los 
 notice of the foreign substance before the fall.
Because Browning failed to meet 
 her burden as to the two Wintersteen elements, we find the trial court 
 did not err in granting summary judgment to Bi-Lo.  It is clear that Browning 
 has failed to present any evidence establishing a genuine issue of fact for 
 trial.
II.
Browning contends that 
 her attorney did not represent same in as much as he did not disagree with 
 counsel for Bi-Lo.  She further maintains that Bi-Los attorney [m]ade inaccurate 
 statements to the judge when the attorney stated that there was no incident 
 report filed.
These issues on appeal 
 were abandoned due to their conclusory nature and lack of supporting authority.  
 See Glasscock, Inc. v. United States Fidelity & Guar. Co., 
 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (South Carolina law clearly 
 states that short, conclusory statements made without supporting authority are 
 deemed abandoned on appeal and therefore not presented for review.).  Moreover, 
 because these issues were not raised to and ruled upon by the circuit judge, 
 they are not preserved for our review.  See Widman v. Widman, 
 348 S.C. 97, 557 S.E.2d 693 (Ct. App. 2001) (holding issue cannot be raised 
 for first time on appeal, but must have been raised to and ruled upon by trial 
 judge to be preserved for appellate review).
III.
Brownings Statement of Issues 
 on Appeal includes the bare assertion that Ms. Jennifer Eubanks fell on a 
 green substance in the store approximately thirty minutes before Plaintiffs 
 accident.  This conclusory statement is insufficient to preserve this issue 
 for appellate review.  See Fields v. Melrose Ltd. Pship, 312 
 S.C. 102, 439 S.E.2d 283 (Ct. App. 1993) (holding an issue is deemed abandoned 
 and thus not presented for appellate review if argued in a short, conclusory 
 statement).
CONCLUSION
Accordingly, 
 based on the foregoing reasons, the decision of the circuit judge is
AFFIRMED.
GOOLSBY, ANDERSON, and WILLIAMS, 
 JJ., concur.

 
 [1] We decide this case without oral argument pursuant to Rule 
 215, SCACR.