**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Aretha Elizabeth Bennett, Appellant,

v.

Theola Pitts and Colleton County School District, Respondents.

Appellate Case No. 2021-000827

———————

Appeal From Colleton County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-104
Submitted February 1, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

William Levern Pyatt, of Pyatt Law Firm, LLC, of Columbia, for Appellant.

Peden Brown McLeod, Jr., of McLeod Fraser & Cone LLC, of Walterboro, for Respondent Colleton County School District.

Margie Bright Matthews, of Bright Matthews Law Firm, LLC, of Walterboro, for Respondent Theola Pitts.

———————

**PER CURIAM:** Aretha Elizabeth Bennett appeals the circuit court's grant of summary judgment in favor of Colleton County School District and Theola Pitts, who was an employee of Colleton County School District.  On appeal, Bennett argues the circuit court erred in granting summary judgment because (1) the statute of limitations should have been equitably tolled due to her efforts to resolve the matter outside of court and (2) the statute of limitations should have been extended to three years under the South Carolina Tort Claims Act (the Act) because she filed a verified claim for damages.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the circuit court did not err in declining to equitably toll the statute of limitations because Bennett failed to establish sufficient facts to justify the use of equitable tolling.  *See S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205, 208-09 (Ct. App. 2012) ("When reviewing the grant of a summary judgment motion, [an appellate] court applies the same standard that governs the [circuit] court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Weston v. Kim's Dollar Store*, 399 S.C. 303, 308, 731 S.E.2d 864, 866 (2012) ("In determining whether summary judgment is proper, the court must construe all ambiguities, conclusions, and inferences arising from the evidence against the moving party." (quoting *Byers v. Westinghouse Elec. Corp.*, 310 S.C. 5, 7, 425 S.E.2d 23, 24 (1992))); *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("'Tolling' refers to suspending or stopping the running of a statute of limitations; it is analogous to a clock stopping, then restarting." (quoting 51 Am. Jur. 2d *Limitation of Actions* § 169 (2000))); *id.* (holding equitable tolling may be applied "[i]n order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits" (quoting 54 C. J. S. *Limitations of Actions* § 115 (2005))); *id.* ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use."); *id.* at 116, 687 S.E.2d at 32 ("It has been observed that '[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control.'" (alteration in original) (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004))).

2.  We hold the circuit court did not err in finding the Act's two-year statute of limitations barred Bennett's claim because she failed to file a verified claim.  *See* S.C. Code Ann. § 15-8-10 (2005) ("[A]ny action brought pursuant to [the Act] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered; provided, that if the claimant first filed a [verified] claim pursuant to this chapter then the action for damages based upon the

same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered."); S.C. Code Ann. § 15-78-30(b) (2005) (defining a claim as "any written demand against the State of South Carolina or a political subdivision for money only, on account of loss, caused by the tort of any employee of the State or a political subdivision while acting within the scope of his official duty"); *Searcy v. S.C. Dep't of Educ., Transp. Div.,* 303 S.C. 544, 547, 402 S.E.2d 486, 488 (Ct. App. 1991) (explaining the "claim" mentioned throughout the Act can only refer to the "verified claim" described in section 15-78-80 (2005 & Supp. 2022) of the South Carolina Code); S.C. Code Ann. § 15-78-80(a) (stating a verified claim for damages should set "forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained"); S.C. Code Ann. § 15-78-80(d) ("If filed, the [verified] claim must be received within one year after the loss was or should have been discovered."); *Pollard v. Cnty. of Florence*, 314 S.C. 397, 400, 444 S.E.2d 534, 536 (Ct. App. 1994) ("To satisfy the verification requirement, the claim must be under oath: 'Without an oath, [a] document [cannot] be considered as having been verified.'" (first alteration in original) (quoting *Searcy*, 303 S.C. at 547, 402 S.E.2d at 488)).

**AFFIRMED.**[1]

**WILLIAMS, C.J., GEATHERS, J., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.