18868

Myrtle PENNINGTON, Appellant, v. ZAYRE CORPORATION, Respondent

(165 S. E. (2d) 695)

*J. Lewis Cromer, Esq., of Cromer & Louthian,* of Columbia, *for Appellant,*

*Messrs. Belser & Kemmerlin,* of Columbia, *for Respondent,*

February 4, 1969.

LITTLEJOHN, Justice.

This is an action to recover damages for personal injuries sustained when the plaintiff slipped and fell in a department store operated by the defendant. At the conclusion of the plaintiff's case, the lower court granted the defendant's motion for an involuntary nonsuit holding that negligence had not been proved. This appeal is brought by the plaintiff from the decision of the lower court on the nonsuit.

The defendant's store is a large retail establishment, primarily of the self-service type, with the customers selecting their own purchases and collecting them in shopping carts furnished by the defendant. The testimony of the plaintiff is that she was pushing a cart alongside a counter-top display of women's blouses when her foot slipped on a transparent plastic bag causing her to fall to the floor.

At the time of her fall, the plaintiff was accompanied by two daughters, Mrs. Margaret Atkinson and Miss Patricia Spires. Both testified that the plastic bag on which the plaintiff slipped was of the same type as the plastic bags in which blouses were displayed on the adjacent table. They further testified that "two or three" or "several" other bags

of the same kind were on the floor near the plaintiff at the time of the fall and that a female employee of the defendant was apparently in the immediate area at the time of the fall.

Mrs. Gladys Rhoten testified that she was shopping in the defendant's store at the time of the fall and that she saw "two or three more" plastic bags on the floor in the immediate area where the plaintiff fell. She also said that she had noticed plastic bags on the floor of the defendant's store on previous shopping occasions.

Although the plaintiff argues this appeal under three questions, the essential issue is whether the plaintiff presented evidence from which a reasonable inference of negligence by the defendant could be drawn.

It has long been the law in South Carolina that a merchant is not an insurer of the safety of his customer but owes them only the duty of exercising ordinary care to keep the premises in reasonably safe condition. The negligence which must therefore be proved by the plaintiff may be proved under our cases by showing (1) that the material causing the fall was placed on the floor through an agency of the store, or (2) that the merchant had actual or constructive notice of the presence of the material on the floor and failed to remove it. *Gilliland v. Pierce Motor Company*, 235 S. C. 268, 111 S. E. (2d) 521 (1959); *Hunter v. Dixie Home Stores*, 232 S. C. 139, 101 S. E. (2d) 262 (1957); *Anderson v. Belk-Robinson Company*, 192 S. C. 132, 5 S. E. (2d) 732 (1939). Constructive notice may be proved by showing that the material had been on the floor sufficiently long that the defendant was negligent in failing to discover and remove it. *E. g., Hunter v. Dixie Home Stores, supra.*

The plaintiff in the present case concedes the absence of evidence tending to show either that the plastic bag reached the floor through an instrumentality of the defendant or that the defendant had actual notice of the presence of the bag on the floor. She relies solely on constructive notice. In

summary the plaintiff's argument is "that the testimony of three independent witnesses that other bags were lying in the area plus the testimony of Mrs. Rhoten that she on other occasions had seen bags lying on the floor in this area is sufficient evidence of constructive notice of the alleged defect for the issue of liability to have been submitted to the jury." The plastic bags were obviously on the floor at the time of the fall. There is no evidence in the record that the bags were on the floor at any time prior thereto. To hold that the bags had been there sufficiently long that they should have been discovered by the merchant would be pure speculation.

Though not included in the written brief, in oral argument counsel submitted that the testimony of Mrs. Rhoten warranted the conclusion that she saw the bags on the floor before going to the dress department. The location of the dress department is not shown; nor is the period of time indicated. The interpretation that counsel places on this testimony involves a strained construction. We have examined the record and conclude that the testimony does not warrant such an inference.

The lower court correctly granted the motion and is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.