## 1514

Ada GILLESPIE, Appellant v. WAL-MART STORES, INC., Respondent.

(394 S.E. (2d) 24)

Court of Appeals

*Kenneth C. Porter*, of *Porter & Rosenfeld*, Greenville, *for appellant.*

*Dana C. Mitchell, III*, Greenville, *for respondent.*

Heard May 9, 1990.

Decided June 18, 1990.

GOOLSBY, Judge:

Ada Gillespie's complaint alleges she slipped and fell on a

foreign substance while in a store operated by Wal-Mart Stores, Inc. The circuit court, in a memorandum order, granted Wal-Mart summary judgment. Gillespie appeals. The dispositive issue is whether there is any evidence in the record that Wal-Mart knew of the dangerous condition and failed to remedy it. We affirm.

As the party opposing Wal-Mart's motion for summary judgment, Gillespie must be given the benefit of all favorable inferences that might be reasonably drawn from the record. *Lattie v. SHS Enterprises, Inc.,* — S.C. —, 389 S.E. (2d) 300 (Ct. App. 1990). So viewed, the record shows simply that as Gillespie entered a checkout lane at Wal-Mart's Greenville store she "slipped in water" on the floor and fell and that the wet floor could have been seen by the checkout clerk "if she had been looking."

In South Carolina, a customer who seeks to recover for injuries sustained as a result of a fall caused by a foreign substance on a storekeeper's floor must prove either that the foreign substance was placed on the floor by the storekeeper or that the storekeeper had actual or constructive notice of its presence on the floor and failed to remove it. *Wimberley v. Winn-Dixie Greenville, Inc.,* 252 S.C. 117, 165 S.E. (2d) 627 (1969). The customer can establish the storekeeper's constructive knowledge of the dangerous condition by showing that the foreign substance had been on the floor for a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care. *Id.*

Here, the record does not show that any Wal-Mart employee, including the checkout clerk in the vicinity of the wet floor, actually knew the floor was wet. It also does not show how long the water had been on the floor or how long the water was within the checkout clerk's field of vision.

The mere fact that water was on the floor of the store and was within the field of vision of a nearby store employee at the time Gillespie slipped upon it is not by itself enough evidence to charge Wal-Mart with negligence. *See Anderson v. Winn-Dixie Greenville,* 257 S.C. 75, 184 S.E. (2d) 77 (1971) (proof that a dangerous condition was caused by a foreign substance on the floor, standing alone, is insufficient to sup-

port a finding of negligence); *Pennington v. Zayre Corp.*, 252 S.C. 176, 165 S.E. (2d) 695 (1969) (evidence held insufficient to prove constructive notice where the plaintiff, while shopping in a department store, slipped on a transparent plastic bag and fell to the floor and an employee was apparently in the immediate area at the time of the fall); *Hunter v. Dixie Home Stores*, 232 S.C. 139, 101 S.E. (2d) 262 (1957) (evidence held insufficient to charge a storekeeper with constructive notice of the presence on the floor of green beans that caused the plaintiff to slip and fall even though a store employee faced toward the area where the plaintiff fell and stood 10 or 12 feet away and another employee worked 20 or 30 feet from where she fell); *Young v. Meeting Street Piggly Wiggly*, 288 S.C. 508, 343 S.E. (2d) 636 (Ct. App. 1986), *cert. denied,* S.C. Sup. Ct. Order, October 8, 1986 (a merchant's liability may not be based solely on the presence of moisture on the floor); *H.E.B. Foods, Inc. v. Moore*, 599 S.W. (2d) 126 (Tex. Ct. Civ. App. 1980) (mere fact that a foreign substance was on the floor of a store, which caused the floor to become slippery, and that a store employee was in the immediate vicinity at the time the plaintiff fell is insufficient evidence, standing alone, to raise the inference that the storekeeper placed the substance there or knew it was there and negligently failed to remove it); *Kroger Grocery & Baking Co. v. Spillman*, 279 Ky. 366, 130 S.W. (2d) 786 (1939) (a case cited with approval in *Hunter, supra,* and reversing a verdict in favor of a customer who slipped on grapes lying on the floor within a few feet of where two or more employees were working where there was no proof regarding the length of time the grapes were on the floor). The question of whether the water was on the floor for such a length of time as to infer that Wal-Mart was negligent in not discovering and removing it is not one that can be left to speculation. *Wimberley, supra.*

The circuit court, therefore, properly granted Wal-Mart summary judgment.

Affirmed.

SHAW and BELL, JJ., concur.