24241

Patricia A. SIMMONS, Appellant v. WINN-DIXIE GREENVILLE, INC., Respondent.

(457 S.E. (2d) 608)

Supreme Court

*Douglas F. Patrick* and *Stephen R.H. Lewis,* Greenville, *for appellant.*

*David L. Moore, Jr.* of *Love, Thornton, Arnold & Thomason,* Greenville, *for respondent.*

*Dana C. Mitchell, III* and *Keith C. McCook* both of *Mitchell, Bouton, Yokel & McCall,* Greenville, *for amicus curiae S.C. Retail Merchants.*

Heard Mar. 21, 1995.

Decided May 1, 1995.

CHANDLER, Acting Associate Justice:

Patricia A. Simmons (Simmons) appeals Circuit Court's grant of Summary Judgment to Respondent (Winn-Dixie) in her action alleging Winn-Dixie's negligent maintenance of its grocery store.

## FACTS

Simmons sustained injuries after slipping and falling on a grape in the check-out area of Winn-Dixie's grocery store. Winn-Dixie markets its grapes by two methods: (1) the grapes are prepackaged, or (2) the grapes are displayed openly, allowing customers to hand-select and place the grapes in plastic bags. The record failed to establish (1) which method of marketing was used on the day of the accident, (2) what caused the grape in question to be on the floor, (3) whether any employee was aware of the grape, or (4) how long the grape had been on the floor prior to the accident.

Circuit Court relied upon the long-established standard for premises liability and granted Summary Judgement, holding that Winn-Dixie lacked actual or constructive notice that the grape was on its floor.

## ISSUE

Was Circuit Court correct in applying the precedent standard for premises liability?

## DISCUSSION

Simmons does not challenge the rule established long ago by this Court that one seeking recovery for injuries sustained

in a fall caused by a foreign substance on a storekeeper's floor must establish that the storekeeper had actual or constructive notice that the substance was on the floor.[1] Rather, she contends that Winn-Dixie, on the strength of slip and fall incidents involving grapes in many of its retail stores, creates a question of liability based upon an inherently dangerous condition and foreseeable risk of harm.

We decline to expand the established standard requiring notice, either actual or constructive, by a store owner in slip and fall cases.

From the record here it is clear that Simmons has failed to present any evidence establishing a genuine issue of fact for trial.

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[1] *Wimberly v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 165 S.E. (2d) 627 (1969); *Anderson Memorial Hospital, Inc. v. Hagen*, 313 S.C. 497, 443 S.E. (2d) 399 (Ct. App. 1994).