491 S.E.2d 690

**Margie M. COOK, Appellant,**

v.

**FOOD LION, INC., Respondent.**

**No. 2620.**

Court of Appeals of South Carolina.

Reheard June 3, 1997.

Decided Aug. 11, 1997.

Rehearing Denied Sept. 19, 1997.

Eric J. Davidson and Jarrel L. Wigger, Charleston, for appellant.

Charles R. Norris and Craig E. Burgess, Charleston, for respondent.

HEARN, Judge:

In this negligence action, Margie M. Cook appeals the order of the trial judge granting a directed verdict in favor of Food Lion. We reverse and remand.

### *Facts*

On February 9, 1991, Cook tripped and fell on a floor mat near the exit of Food Lion as she was leaving the store. Thereafter, Cook brought a negligence action against Food Lion alleging the floor mat was "improperly placed" and was not "flush with the floor."

After hearing arguments of counsel, the trial judge granted Food Lion's motion to exclude any evidence regarding the tendency or proclivity of Food Lion's floor mats to wrinkle on occasions previous to Cook's accident. Cook then proffered the testimony of several witnesses. First, Martha Cantrell, who was a cashier at Food Lion at the time of the accident, testified the floor mats sometimes wrinkled or crumpled when people would kick them. She did not, however, see the mats wrinkle on the day of the accident.

Next, Joseph Gokey, a bagger for Food Lion, testified by deposition that he had previously seen the floor mats in a wrinkled or bent position, and that the mats became twisted "a lot." He stated, "They tended, you know, situate around to [sic]—sometimes they would be kicked or stomped on where the doors were would [sic] catch them and as they were closing they'd bring the mats into the doors." He testified he had straightened the mats out "a few times" when they became wrinkled. He further testified he would trip on the mats when he brought in shopping carts from outside and "the buggies would catch up on the rug when you come [sic] around the corner."

Randall Horne, who was also a bagger for Food Lion at the time of the accident, testified by deposition that he had seen the mats become wrinkled, that he had straightened out the mats and had seen other Food Lion employees straighten out the mats, and that they wrinkled "pretty often." He further testified he had seen people stumble on the mats. Finally, Cook herself testified she tripped on a floor mat which had become wrinkled.

The trial judge directed a verdict in favor of Food Lion on the issue of liability, holding that Cook presented no evidence Food Lion had notice on the date of the accident that the mats had become wrinkled.

## Discussion

Cook argues the trial judge erred in excluding the testimony concerning the tendency of the floor mats to wrinkle and in directing a verdict in favor of Food Lion. She argues the present case is factually distinguishable from a classic slip-and-fall case, and thus the trial judge's reliance on "foreign substance" cases is misplaced. We agree.

A merchant is not an insurer of the safety of his customers, but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition. *Denton v. Winn–Dixie Greenville, Inc.,* 312 S.C. 119, 439 S.E.2d 292 (Ct.App.1993). This includes the duty to keep the aisles and passageways in a reasonably safe condition. *Moore v. Levitre,* 294 S.C. 453, 365 S.E.2d 730 (1988).

A customer who seeks to recover for injuries sustained as a result of a fall caused by a foreign substance on a storekeeper's floor must prove either that the foreign substance was placed on the floor by the storekeeper or that the storekeeper had actual or constructive notice of its presence on the floor and failed to remove it. *Gillespie v. Wal–Mart Stores, Inc.,* 302 S.C. 90, 394 S.E.2d 24 (Ct.App.1990). The customer can establish the storekeeper's constructive knowledge of the dangerous condition by showing that the foreign substance had been on the floor for a sufficient time and that the storekeeper would have discovered and removed it had the storekeeper used ordinary care. *Id.* In the present case, the trial judge, relying on a foreign substance case, found that Cook had not established that Food Lion had either actual or constructive notice of a dangerous condition.

Cook did not, however, fall on a foreign substance. Rather, Cook fell on a floor mat which Food Lion employees admittedly placed on the floor for its customers. To prove negligence, the plaintiff must show *either* that the defendant or defendant's employees created the condition, *or* that the defendant had "notice" of it. *Anderson v. Racetrac Petroleum, Inc.,* 296 S.C. 204, 205, 371 S.E.2d 530, 531 (1988); *Gillespie,* 302 S.C. at 91, 394 S.E.2d at 24. In the present case, Food Lion's employees created the allegedly dangerous conditions by placing the mats by the exit doors. Thus, it was

not necessary for Cook to show that Food Lion employees had notice that the floor mats were wrinkled or bunched immediately prior to Cook's fall.[1] Moreover, the testimony of the tendency of the floor mats to wrinkle was directly relevant to the issue of whether a dangerous condition existed in the store and should not have been excluded. *See Henderson v. St. Francis Community Hosp.*, 303 S.C. 177, 399 S.E.2d 767 (1990) (reversing trial judge's grant of judgment *non obstante verdicto* where there was evidence the hospital knew of the danger caused by sweet gum trees planted near the parking lot, even though there was no testimony that the hospital knew *the day of the accident* that there were sweet gum balls on the sidewalk); *Anderson v. Racetrac Petroleum, Inc.*, 296 S.C. 204, 371 S.E.2d 530 (1988) (reversing trial court's grant of summary judgment in favor of defendant, where plaintiff claimed she was injured by a metal strip protruding into the store aisle but offered no evidence that the store employees knew of the protrusion prior to plaintiff's injury); *Force v. Richland Memorial Hosp.*, 322 S.C. 283, 471 S.E.2d 714 (Ct.App.), *cert. denied* (Dec. 5, 1996) (reversing the trial court's grant of judgment notwithstanding the verdict where the hospital's automatic doors closed on a paramedic, injuring

---

1. For similar cases, see *Sears, Roebuck & Co. v. Daniels,* 299 F.2d 154 (8th Cir.1962) (Where plaintiff fell on merchant's wrinkled floor mat, court held that the jury could find that the condition of the mat was created by defendant merchant or its employees. Court distinguished the case from cases where a foreign substance is spilled on the floor by a customer without the knowledge of the management. Court held that it is not a necessary element of negligence to show that a storekeeper had knowledge of the hazardous or defective condition when that condition was created by the storekeeper or its employees.); *Bergeron v. Employers–Commercial Union Cos.,* 306 So.2d 367 (La.Ct.App.1975) (Plaintiff fell on the upturned floor mat in defendant's store. Even though the store owner and its employees testified they did not know the rug was turned up on one of its edges, the court held that "if the defendant-store had employed proper procedures for the placement and replacement of the mat after cleaning, as well as a visual examination thereof, the store owner or its employees would or should have known of the hazardous condition of the mat."); *Kosnar v. J.C. Penney Co.,* 6 Wis.2d 238, 94 N.W.2d 642 (1959) (Plaintiff fell on a wrinkled floor mat. The Wisconsin Supreme Court distinguished the case from a "foreign substance" case because the hazardous condition was created by the storekeeper who placed the mat. Court held the plaintiff did not have to show notice to the storekeeper who created the dangerous condition.)

her arm. The court rejected the traditional slip-and-fall analysis and held the hospital had notice that, without frequent inspection, the doors would become unsafe.). Thus, we hold the trial judge erred in excluding Cook's proffered testimony.

■ Viewing the evidence in the light most favorable to Cook, Cook's testimony indicated she tripped on a wrinkled floor mat.[2] The testimony of her other proffered witnesses indicated the mats had a tendency to wrinkle, creating a dangerous condition, and that Food Lion was aware of the tendency. Thus, we hold the trial judge erred in granting a directed verdict in favor of Food Lion. We remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

HOWELL, C.J., and CONNOR, J., concur.

---

**2.** Because we take Cook's testimony that she slipped on a wrinkled floor mat as true in determining whether the trial judge properly granted a directed verdict, causation is not an issue in this case.