496 S.E.2d 33

**Hazel J. BESSINGER and Claus Bessinger, Appellants,**

**v.**

**BI–LO, INC. and Bi–Lo Store at 4391 Dorchester Road, North Charleston, South Carolina, Respondents.**

**No. 2783.**

Court of Appeals of South Carolina.

Submitted Dec. 2, 1997.

Decided Jan. 19, 1998.

Gary A. Ling, of the Riesen Law Firm, North Charleston, for appellants.

Lisa Woodbury Caldwell, of Nelson Mullins Riley & Scarborough, Charleston, for respondents.

HUFF, Judge:

Claus and Hazel Bessinger appeal from the trial court's grant of summary judgment to Bi–Lo in this premises liability case. We affirm.

## ISSUE

Whether the trial court erred in granting summary judgment to Bi–Lo.

## FACTS

In 1994, Hazel Bessinger slipped and fell on grapes in the Bi–Lo grocery store. Mrs. Bessinger was walking to the checkout line and stated that she did not see the grapes until after she fell. She stated the grapes fell out of a vented bag in a cart, and they were dirty and mashed. Mrs. Bessinger believed the light coloring of the floor made it difficult to see the grapes. She suffered back, neck and hip injuries. Mr. Bessinger filed suit for loss of consortium.

Bruce Lauder, a Bi–Lo manager, assisted Mrs. Bessinger after she fell. Lauder also prepared an accident report concerning the incident. He inspected the area where the accident occurred fourteen minutes before the accident and did not see any grapes on the floor at that time. No other employees reported the presence of grapes.

The trial judge granted Bi–Lo's motion for summary judgment, stating the Bessingers failed to show actual or constructive notice of grapes on the floor prior to the accident.

## LAW/ANALYSIS

Summary judgment is appropriate where it is clear there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Calvert v. House Beautiful Paint and Decorating Ctr., Inc.*, 313 S.C. 494, 443 S.E.2d 398 (1994). In deciding whether summary judgment is proper, the court should construe all inferences arising from the evidence against the moving party. *Id.* Summary judgment should be granted when plain, palpable and undisputed facts exist on which reasonable minds cannot differ. *Trico Surveying, Inc. v. Godley Auction Co.*, 314 S.C. 542, 431 S.E.2d 565 (1993).

Relying on *Cook v. Food Lion, Inc.*, 328 S.C. 324, 491 S.E.2d 690 (Ct.App.1997), the Bessingers contend that Bi–Lo's method of displaying grapes in vented bags was negligent and created a dangerous condition. The facts in *Cook* are distinguishable from the present case because "Cook fell on a floor mat which Food Lion admittedly placed on the floor for its customers." *Cook* at 327, 491 S.E.2d at 691. Mrs. Bessinger slipped and fell on grapes, a classic foreign substance. There-

fore, the Bessingers must show that the foreign substance was placed on the floor by the storekeeper or that the storekeeper had actual or constructive notice of its presence on the floor and failed to remove it. *Gillespie v. Wal–Mart Stores, Inc.,* 302 S.C. 90, 394 S.E.2d 24 (Ct.App.1990).

In *Simmons v. Winn–Dixie Greenville,* 318 S.C. 310, 457 S.E.2d 608 (1995), the plaintiff slipped and fell on grapes in the checkout area of the grocery store. The court rejected plaintiff's argument that there was a question of liability based upon an inherently dangerous condition and foreseeable risk of harm. The court noted that the plaintiff failed to establish how the grapes were marketed, what caused the grapes to fall to the floor, and "whether any employee was aware of the grape, or how long the grape had been on the floor." *Simmons* at 311, 457 S.E.2d at 609.

In the case before us, the record is completely devoid of evidence that Bi–Lo had constructive or actual notice that the grapes were on the floor. There is no evidence that the grapes were on the floor through an act of Bi–Lo, or that any employee was aware that the grapes were on the floor, or how long the grapes were on the floor before the accident. *See Hunter v. Dixie Home Stores,* 232 S.C. 139, 101 S.E.2d 262 (1957) (no constructive notice of presence of popcorn with evidence proving merely that popcorn had been there a very few minutes); *Mullen v. Winn–Dixie Stores, Inc.,* 252 F.2d 232 (4th Cir.1958) (applying South Carolina law) (a few mashed grapes in vicinity of plaintiff's fall insufficient to prove grapes had been on floor for any appreciable amount of time).

■ The Bessingers contend that Bi–Lo failed to support their motion for summary judgment. This contention was not raised to the court below. An issue must be raised and ruled on at the trial level to be preserved for appeal. *SSI Medical Servs. v. Cox,* 301 S.C. 493, 392 S.E.2d 789 (1990).

■ The Bessingers claim that the lower court erred in refusing to reopen the summary judgment hearing to allow plaintiff's counsel to proffer depositions and evidence. The decision to reopen the record to allow additional evidence is a matter within the sound discretion of the trial judge. *State v. Wren,* 322 S.C. 103, 470 S.E.2d 111 (Ct.App.1996).

Upon consideration of the entire record in the light most favorable to the Bessingers, we find no evidence establishing a genuine issue of fact for trial. Accordingly, the judgment below is

**AFFIRMED**.

CONNOR and ANDERSON, JJ., concur.