518 S.E.2d 828

**Teresa WINTERSTEEN, Respondent,**

v.

**FOOD LION, INC., Appellant.**

**No. 3009.**

Court of Appeals of South Carolina.

Heard March 9, 1999.

Decided June 14, 1999.

Rehearing Denied Aug. 28, 1999.

Samuel F. Painter and Elizabeth H. Campbell, both of Nexsen, Pruet, Jacobs & Pollard, of Columbia, for appellant.

Jean P. Derrick, of Law Office of Jean P. Derrick, of Lexington, for respondent.

HOWELL, Chief Judge:

In this classic slip-and-fall case, the jury found in favor of Teresa Wintersteen and awarded her $500,000 in actual damages (to be reduced by her 45% comparative negligence) and $500,000 punitive damages. Food Lion appeals. We reverse.

## I.

At approximately 10:30 a.m. on December 24, 1994, Wintersteen slipped and fell on a puddle of clear liquid in a Food Lion grocery store. Wintersteen was walking near a self-service soda fountain equipped with an ice dispenser when the fall occurred. As a result of the fall, Wintersteen suffered a back injury and eventually underwent surgery for herniated disks.

At trial, Wintersteen testified that she did not know what she had fallen in and that she did not know how the liquid had gotten on the floor or how long it had been there. Although two Food Lion employees testified that they had in the past seen ice bounce from the ice machine onto the floor, there was

no testimony establishing that any Food Lion employee saw anything on the floor before Wintersteen's fall, nor was there any other evidence establishing how long the liquid had been on the floor.

Bryan Durig, a mechanical engineer, testified on Wintersteen's behalf. Durig testified that, based on his investigation and review of various depositions, interrogatories, and photographs, the liquid upon which Wintersteen slipped "was most likely or most probabl[y] ice from the drink machine that spilled on the floor in this area." According to Durig, ice from self-service dispensers frequently bounces off the grate over the dispenser's drain and onto the floor, where "it will sit on the floor and melt and leave puddles of water in that area in front of the drink machine." Durig described the self-service drink and ice machine as a "hazard," and testified that easiest way to eliminate the hazard was by putting a mat in front of the machine. Durig also recommended more frequent inspections of the area by Food Lion employees.

At the close of Wintersteen's case, Food Lion moved for a directed verdict on the issue of liability. Food Lion contended that Wintersteen presented no evidence establishing that any Food Lion employee had actual or constructive notice of the presence of water or ice on the floor prior to the accident. The trial court denied the motion, concluding that Food Lion, by providing its customers with a self-service soda fountain equipped with an ice dispenser, created a foreseeable risk that ice would fall onto the floor and create a dangerous condition. After the jury returned its verdict, Food Lion moved for judgment notwithstanding the verdict or, alternatively, for a new trial due to excessiveness of the verdict. The trial court denied the motions.

## II.

On appeal, Food Lion argues the trial court erred in failing to direct a verdict against Wintersteen on the issue of negligence. We agree.

It is well-established in South Carolina that a merchant is not an insurer of the safety of his customer[s] but owes them only the duty of exercising ordinary care to

keep the premises in reasonably safe condition. The negligence which must therefore be proved by the plaintiff may be proved under our cases by showing (1) that the material causing the fall was placed on the floor through an agency of the store, or (2) that the merchant had actual or constructive notice of the presence of the material on the floor and failed to remove it.

*Pennington v. Zayre Corp.*, 252 S.C. 176, 178, 165 S.E.2d 695, 696 (1969). The storekeeper's constructive knowledge of the foreign substance can be established "by showing that the foreign substance had been on the floor for a sufficient time and that the storekeeper would have discovered and removed it had the storekeeper used ordinary care." *Cook v. Food Lion, Inc.*, 328 S.C. 324, 327, 491 S.E.2d 690, 691 (Ct.App. 1997), *cert. denied* (May 15, 1998); *accord Gillespie v. Wal–Mart Stores, Inc.*, 302 S.C. 90, 394 S.E.2d 24 (Ct.App.1990). "The mere fact the substance was on the floor is insufficient standing alone to charge the storekeeper with negligence." *Calvert v. House Beautiful Paint & Decorating Center, Inc.*, 313 S.C. 494, 496, 443 S.E.2d 398, 399 (1994).

In this case, there is no evidence that a Food Lion employee put ice or water on the floor. Wintersteen, therefore, was required to establish that Food Lion had actual or constructive knowledge of the presence of the water on the floor and failed to remove it. We agree with Food Lion that Wintersteen failed to carry this burden.

As noted above, Wintersteen offered no evidence establishing that the Food Lion employees knew that the water was on the floor, nor did she present any evidence showing how long the water had been on the floor. Wintersteen's expert testified that ice falling from the drink machine could melt in as fast as one minute. Thus, while the liquid could have been on the floor for an extended period of time, it is just as possible that it had been on the floor for only moments before Wintersteen fell. Based on the evidence presented at trial, it is apparent that any determination of how long the water had been on the floor would be pure speculation. Wintersteen's evidence, therefore, was insufficient to establish constructive notice. *See Wimberly v. Winn–Dixie Greenville, Inc.*, 252 S.C. 117, 122, 165 S.E.2d 627, 629 (1969) (concluding that trial court should have directed a verdict in favor of the defendant

because "[n]o evidence is pointed out which reasonably tends to prove that the rice was on the floor at any particular time prior to the actual fall. The jury should not be permitted to speculate that it was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it."); *Pennington,* 252 S.C. at 179, 165 S.E.2d at 696 (affirming grant of involuntary nonsuit in case where plaintiff slipped on plastic bags on the floor: "The plastic bags were obviously on the floor at the time of the fall. There is no evidence in the record that the bags were on the floor at any time prior thereto. To hold that the bags had been there sufficiently long that they should have been discovered by the merchant would be pure speculation.").

■ Wintersteen, however, contends that Food Lion created the hazard by installing the self-service drink and ice machine. Wintersteen contends that because the "drink machine constituted a permanent, on-going hazard," this case is not a "foreign substance" case and she was not required to prove Food Lion's actual or constructive notice. In essence, Wintersteen contends that because the drink and ice machine created a foreseeable risk of harm, Food Lion should be held liable for failing to exercise due care in reducing or eliminating the risk of harm. While this argument has some appeal, we are constrained to reject it.

If the defendant in this case were a typical landowner, Wintersteen's argument might well prevail. *See, e.g., Landry v. Hilton Head Plantation Property Owners Ass'n, Inc.,* 317 S.C. 200, 203, 452 S.E.2d 619, 621 (Ct.App.1994) ("A landowner owes an invitee a duty of due care to discover risks and to warn of or eliminate foreseeable unreasonable risks."). In foreign substance cases involving storekeepers, however, the theory of liability urged by Wintersteen has been expressly rejected.

In *Simmons v. Winn–Dixie Greenville, Inc.,* 318 S.C. 310, 457 S.E.2d 608 (1995), a plaintiff who fell on a grape contended that she should not be required to establish that the defendant had actual or constructive notice of the presence of the grape on the floor. Instead, the plaintiff argued that, because of the number of slip and fall incidents involving grapes in Winn–Dixie's retail stores, a question of liability was created "based

upon an inherently dangerous condition and foreseeable risk of harm." *Id.* at 311, 457 S.E.2d at 609. The Supreme Court rejected this argument with little discussion, stating only that "[w]e decline to expand the established standard requiring notice, either actual or constructive, by a store owner in slip and fall cases." *Id.*

In *Bessinger v. Bi–Lo, Inc.*, 329 S.C. 617, 496 S.E.2d 33 (Ct.App.1998), this Court also rejected a theory of liability quite similar to the theory urged by Wintersteen. In *Bessinger*, the plaintiff slipped and fell on grapes near the checkout line. The plaintiff contended that the grapes had fallen out of a vented bag in a grocery cart. *Id.* at 619, 496 S.E.2d at 34. Although the plaintiff did not present any evidence that the grocery store had actual or constructive knowledge of the grapes on the floor, she argued that the grocery store should nonetheless be held liable because the store's "method of displaying grapes in vented bags was negligent and created a dangerous condition." *Id.* Relying on *Simmons*, this Court rejected the plaintiff's theory of liability and affirmed the grant of summary judgment in favor of the defendant. *Id.* at 620, 496 S.E.2d at 34–35.

■ In light of *Simmons* and *Bessinger*, we conclude that a storekeeper cannot be held liable for injuries caused by falling on a foreign substance absent proof of the storekeeper's actual or constructive knowledge of the presence of the foreign substance, even if the storekeeper's own actions increased the likelihood that a foreign substance would fall on the floor. In this case, Food Lion's actions in positioning the drink machine and failing to put a mat in front of the machine may well have increased the likelihood that ice or liquids would fall on the floor. Nevertheless, because Wintersteen failed to present any evidence that Food Lion had actual or constructive notice of the presence of the liquid in which she fell, the trial court erred by denying Food Lion's motions for a directed verdict and judgment notwithstanding the verdict. *See, e.g., Strange v. South Carolina Dep't of Highways & Public Transp.*, 314 S.C. 427, 429–30, 445 S.E.2d 439, 440 (S.C.1994) ("In ruling on motions for directed verdict and JNOV, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions and to deny the motions where

either the evidence yields more than one inference or its inference is in doubt. The trial court can only be reversed by this Court when there is no evidence to support the ruling below.") (citation omitted).[1]

Accordingly, for the foregoing reasons, the jury's verdict in favor of Wintersteen is hereby

**REVERSED.**[2]

GOOLSBY and CONNOR, JJ., concur.

---

1. Wintersteen contends that the verdict against Food Lion can be sustained under *Henderson v. St. Francis Community Hosp.*, 303 S.C. 177, 399 S.E.2d 767 (1990) and *Pinckney v. Winn–Dixie Stores, Inc.*, 311 S.C. 1, 426 S.E.2d 327 (Ct.App.1992), *cert. denied* (June 9, 1993). We disagree. First, we note that *Henderson* involved a patient slipping on balls from sweet gum trees in a hospital parking lot, not a customer slipping on a foreign substance in a self-service store. Moreover, to the extent that these cases can be read as imposing liability on a storekeeper for negligence in allowing a foreign substance to fall on the floor even in the absence of evidence establishing the storekeeper's actual or constructive knowledge of the foreign substance, we believe that such a reading of the cases is no longer viable after the Supreme Court's decision in *Simmons v. Winn–Dixie Greenville, Inc.*, 318 S.C. 310, 457 S.E.2d 608 (1995).

2. Given our decision on this issue, it is unnecessary to address the other issues raised by Food Lion.