542 S.E.2d 728

**Teresa WINTERSTEEN, Petitioner,**

v.

**FOOD LION, INC., Respondent.**

**No. 25254.**

Supreme Court of South Carolina.

Heard Nov. 2, 2000.

Decided Feb. 26, 2001.

Jean P. Derrick, of Lexington, and F. Patrick Hubbard, of University of South Carolina School of Law, of Columbia, for petitioner.

Samuel F. Painter and Elizabeth H. Campbell, of Nexsen, Pruet, Jacobs & Pollard, of Columbia, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review *Wintersteen v. Food Lion, Inc.*, 336 S.C. 132, 518 S.E.2d 828 (Ct.App.1999). We affirm.

## FACTS

Wintersteen slipped and fell on a puddle of clear liquid in a Food Lion grocery store. She was walking near a self-service soda fountain equipped with an ice dispenser when the fall occurred. As a result of the fall, she suffered a back injury and underwent surgery for herniated disks; she subsequently filed suit against Food Lion.

At the close of Wintersteen's case, Food Lion moved for a directed verdict, contending Wintersteen presented no evidence that any Food Lion employee had actual or constructive notice of the presence of the substance on the floor prior to the accident. The trial court denied the motion, concluding Food Lion, by providing its customers with a self-service soda fountain equipped with an ice dispenser, created a foreseeable risk that ice would fall onto the floor and create a dangerous condition. The jury awarded Wintersteen $500,000 in actual damages (reduced by her 45% comparative negligence) and $500,000 punitive damages. The Court of Appeals reversed, holding Wintersteen failed to prove Food Lion had actual or constructive knowledge of the substance on the floor. Accordingly, citing *Simmons v. Winn–Dixie Greenville, Inc.*, 318 S.C. 310, 457 S.E.2d 608 (1995), and *Bessinger v. Bi–Lo, Inc.*, 329 S.C. 617, 496 S.E.2d 33 (Ct.App.1998), the Court of Appeals held Food Lion was entitled to a directed verdict.

## ISSUE

Did the Court of Appeals err in holding Food Lion was entitled to a directed verdict?

### DISCUSSION

When reviewing the denial of a motion for directed verdict or judgment notwithstanding the verdict, this Court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Steinke v. South Carolina Dep't of Labor,* 336 S.C. 373, 520 S.E.2d 142 (1999). If the evidence as a whole is susceptible of only one reasonable inference, no jury issue is created and a directed verdict motion is properly granted. *Bloom v. Ravoira,* 339 S.C. 417, 529 S.E.2d 710 (2000).

To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it. *Anderson v. Racetrac Petroleum Inc.,* 296 S.C. 204, 371 S.E.2d 530 (1988); *Pennington v. Zayre Corp.,* 252 S.C. 176, 165 S.E.2d 695 (1969); *Hunter v. Dixie Home Stores,* 232 S.C. 139, 101 S.E.2d 262 (1957). In the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall. *Calvert v. House Beautiful Paint & Decorating Ctr., Inc.,* 313 S.C. 494, 443 S.E.2d 398 (1994); *Wimberly v. Winn–Dixie Greenville, Inc.,* 252 S.C. 117, 165 S.E.2d 627 (1969); *Pennington v. Zayre Corp.,* 252 S.C. 176, 165 S.E.2d 695 (1969); *Orr v. Saylor,* 253 S.C. 155, 169 S.E.2d 396 (1969); *Hunter v. Dixie Home Stores,* 232 S.C. 139, 101 S.E.2d 262 (1957); *Gilliland v. Pierce,* 235 S.C. 268, 111 S.E.2d 521 (1959); *Gillespie v. Wal–Mart Stores, Inc.,* 302 S.C. 90, 394 S.E.2d 24 (Ct.App.1990).

Wintersteen does not dispute the trial court's ruling that Food Lion neither placed the substance on the floor nor had actual or constructive notice thereof. Rather, she contends that, if it is foreseeable an item will fall to the floor, then the storekeeper has a duty to minimize such risks and take measures to prevent the items from falling. Although this approach has some appeal, we decline to depart from our traditional "foreign substance" analysis. We adhere to prior

precedent that a storekeeper is liable only upon a showing that it actually placed the foreign substance on the floor, or that it had actual or constructive notice thereof. *Simmons v. Winn–Dixie; Hunter v. Dixie Home Stores.*

 Storekeeper liability is founded upon the duty of care a possessor of land owes to an invitee. Generally, a person owes an invitee the duty of exercising **reasonable** or **ordinary** care for his safety and is liable for any injury resulting from the breach of this duty. *Graham v. Whitaker*, 282 S.C. 393, 321 S.E.2d 40 (1984). Although a merchant is not an insurer of the safety of his customers. *Felder v. K–Mart*, 297 S.C. 446, 377 S.E.2d 332 (1989), he owes a duty to keep aisles and passageways in a reasonably safe condition. *Moore v. Levitre*, 294 S.C. 453, 365 S.E.2d 730 (1988).

 To date, we have not required storekeepers to take actions to prevent or minimize the foreseeable risk of a foreign substance on the floor of its premises.[1] In fact, two recent cases reject Wintersteen's contention.

1. Wintersteen contends this Court and the Court of Appeals did so in *Henderson v. St. Francis Community Hospital*, 303 S.C. 177, 399 S.E.2d 767 (1990), and *Pinckney v. Winn–Dixie Stores, Inc.*, 311 S.C. 1, 426 S.E.2d 327 (Ct.App.1992). We disagree. *Henderson* involved a slip and fall on a sweet gum ball in the parking lot of St. Francis Hospital. The hospital built the parking lot in 1969, planted sweet gum trees in 1971, and notwithstanding the advice of its architect that the trees be removed to implement a 1982 addition to the lot, added a stairway beside one of the trees. We held a jury question was presented as to whether the hospital was negligent in failing to either remove the trees or employ sufficient safeguards "when it had actual and constructive knowledge of the dangerous condition created by the sweet gum trees." 303 S.C. at 181, 399 S.E.2d at 769. Implicit in this holding is the fact that the defendant had constructive notice of the gum balls on the ground on the day of the accident. Accordingly, as actual and constructive notice was found in *Henderson*, it is inapposite to the case at hand.

 *Pinckney* is a Court of Appeals case in which the plaintiff slipped and fell on poinsettia leaves. The Court of Appeals held there was evidence of record from which the jury might have inferred the store manager observed the poinsettia leaves falling to the floor and that the leaves were left on the floor until the next periodic sweeping. Implicit in this finding is a holding that the store had actual or constructive notice of fallen leaves at the time of the plaintiff's fall. Accordingly, *Pinckney* is of no aid to Wintersteen.

 Prior to *Pinckney* and *Henderson*, it was generally held that constructive notice is established through evidence the foreign substance was on

In *Simmons v. Winn–Dixie Greenville, Inc.*, 318 S.C. 310, 457 S.E.2d 608 (1995), the plaintiff did not challenge this Court's long-standing rule regarding a storekeeper's actual or constructive notice of foreign substances. Simmons contended, however, that due to the number of slip and fall incidents occurring in Winn–Dixie's stores, that it had created a dangerous condition and foreseeable risk of harm. We declined to expand the standard of actual or constructive notice in the foreign substance slip and fall cases. In declining to adopt a "foreseeability" rule in foreign substance cases, *Simmons* implicitly rejected a "duty to prevent" rule.

Similarly, in *Bessinger v. Bi–Lo, Inc.*, 329 S.C. 617, 496 S.E.2d 33 (Ct.App.1998), the plaintiff slipped on a grape in a Bi–Lo check-out line. She contended the store's method of displaying the grapes in vented bags created a dangerous condition. As in *Simmons*, the Court of Appeals in *Bessinger* rejected the contention, holding the plaintiff was required to prove either actual or constructive notice of the foreign substance.

We find a very legitimate basis for adherence to our traditional slip and fall analysis. In such cases, although there may be a foreseeable risk that substances will wind up on the floor, there is no specific act of the defendant which causes the substance to arrive there, i.e., it generally arrives there through the handling of a third party. To require shopkeepers to anticipate and prevent the acts of third parties is, in effect, to render them insurers of their customers' safety. This is simply not the law of this state. *See Hunter v. Dixie Home Stores*, 232 S.C. 139, 145, 101 S.E.2d 262, 265 (1957) (noting Kentucky case which held shopkeeper was not, as a

---

the floor for a sufficient length of time that the storekeeper should have discovered and removed it. *Wimberly v. Winn–Dixie Greenville, Inc.*, 252 S.C. 117, 165 S.E.2d 627 (1969). However, this is not the only manner in which to establish constructive notice. Notably, in both *Henderson* and *Pinckney*, the conditions were of such a recurrent nature that the defendants were chargeable with constructive notice on the day of the accident. Although mere recurrence alone is insufficient to establish constructive notice, there may be certain factual patterns, as in *Henderson* and *Pinckney*, wherein the recurrence is of such a nature as to amount to a continual condition, and that factor, when coupled with other evidence, such as store employees' knowledge thereof, may be sufficient to create a jury issue as to the defendant's constructive notice at the time of the accident.

general rule, bound to anticipate an independent act of negligence by a third party in placing such objects on the floor); *Milligan v. Winn–Dixie Raleigh,* 273 S.C. 118, 120, 254 S.E.2d 798, 799 (1979) (noting "[i]t has long been the law in South Carolina that a merchant is not an insurer of the safety of his customer but owes them only the duty of exercising ordinary care to keep the premises in reasonably safe condition").

Although some courts have adopted either a "mode of display" or a duty to prevent analysis, such an approach has been criticized. As noted by one court,

> In a slip and fall case [the] focus is on whether the defendant acted reasonably in discovering and removing foreign objects from the floor. To shift the inquiry to the storekeeper's chosen method of displaying and packaging goods would place an unreasonable burden on storekeepers. It simply would not be reasonable to require storekeepers to make it impossible for food items to fall on the floor. Nor, do we think, would such a result be possible. . . . Some latitude must be allowed to the proprietor of a store to display goods in a manner consistent with the nature of the goods and of the business.

*Richardson v. Kroger,* 521 So.2d 934, 937 (Ala.1988). In *Baker v. Toys–R–Us Inc.,* 133 F.3d 913 (1998 WL 7939)(4th Cir.1998)(applying South Carolina law), the Fourth Circuit Court of Appeals, analyzing the distinction between a "created danger" case and a "foreign substance" case, noted,

> Retail stores exist for the singular purpose of selling goods to customers, and therefore the goods must be subject to removal by store patrons. Sometimes, however, this results in a dangerous condition created when a store's customers drop products on the floor. Because this danger is a necessary consequence of the retail business, the South Carolina courts appear to rule that such hazards are reasonable as a matter of law so long as they are remedied when discovered. Thus, where the defect results from the unauthorized act of another, the storekeeper is held only to reasonable care in the discovery and remedy or removal of it.

*See also Rowe v. Winn–Dixie Stores,* 714 So.2d 1180 (Fla. 1998) (declining, in supermarket slip and fall cases, to adopt

"negligent method of operation" theory which would require a continuous duty to look out for the safety of patrons); *Lingerfelt v. Winn–Dixie Texas,* 645 P.2d 485, 492 (Tex.1982)(Justice Barnes, dissenting) (expressing view that majority's ruling "amounts to imposition of liability on a 'no fault basis' and store owners who display their fruits and vegetables in their usual and customary manner will become insurers. The result, of course, will be that stores will be forced to wrap in cellophane or other containers, their fresh produce which ... is not warranted or desired by the average store customer").

## CONCLUSION

We decline to depart from traditional foreign substance analysis: a storekeeper is only liable if it places the substance on the floor, or if it has actual or constructive notice thereof. *See Simmons v. Winn–Dixie, supra* (declining to expand "foreign substance" liability based upon inherently dangerous condition and foreseeable risk of harm). Accordingly, as Wintersteen failed to prove either of these, Food Lion was properly granted a directed verdict, and the Court of Appeals' opinion is therefore

**AFFIRMED**.

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.