THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Shannon L. Beish Appellant, 
v.
Mint Management, Inc., d/b/a Scottish Inn - Hardeeville,
Respondent.
AND
Clarence A. Beish, Appellant,
 v.
Mint Management, Inc., d/b/a Scottish Inn - Hardeeville,
Respondent.
 
 
 

Appeals From Jasper County
 Daniel F. Pieper, Circuit Court Judge

Unpublished Opinion No.  2006-UP-059
Submitted December 1, 2005  Filed January 26, 2006

AFFIRMED

 
 
 
Darrell T. Johnson, Jr. and Warren P. Johnson, both of Hardeeville, for Appellants.
Rebecca Lafitte and Robert E. Horner, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  Shannon Beish and her husband, Clarence Beish,[1] each brought suit against Scottish Inn after Shannon allegedly tripped and fell in the entryway to the motel due to a defective strip that covered a transition from the tile in the entryway to the carpet on the interior of the motel.  The trial court granted a directed verdict in favor of the Motel.  We affirm.
1.       It is well settled in South Carolina that [a] merchant is not the insurer of his customers safety; rather, a merchant owes his customer the duty to exercise ordinary care to keep his premises in a reasonably safe condition.  Young v. Meeting Street Piggly Wiggly, 288 S.C. 508, 510, 343 S.E.2d 636, 637 (Ct. App. 1986). A customer seeking to recover damages for injuries sustained on a storekeepers premises must show either: (1) that the injury was caused by a specific act of the [storekeeper] which created the dangerous condition; or (2) that the [storekeeper] had actual or constructive knowledge of the dangerous condition and failed to remedy it.  Garvin v. Bi-Lo, Inc., 343 S.C. 625, 628, 541 S.E.2d 831, 832 (2001) (citations omitted).  The Beishes first argue the trial court erred in requiring them to show actual or constructive notice of a hazard or an impending hazard originating with the premises itself.  After reviewing the record, we find the trial court did not impose such a requirement.  To the contrary, in a pre-trial colloquy it was established that the Beishes theory of recovery was not based on notice, but rather that the motel created a dangerous condition that led to Shannons injury.  Accordingly, we find this argument to be without merit.
2.         The Beishes next argue the trial court erred in finding there was no evidence presented from which one could infer the motel had actual or constructive notice of the dangerous condition.  To support this argument they note that evidence was presented which showed the motel clerk was seated directly in front of the entrance and approximately ten feet from where Shannon fell.  However, the fact that the alleged dangerous condition was within an employees field of vision alone is not enough to prove the motels negligence.    See e.g., Gillespie v. Wal-Mart Stores, Inc., 302 S.C. 90, 91, 394 S.E.2d 24, 25 (Ct. App. 1990) (The mere fact that water was on the floor of the store and was within the field of vision of a nearby store employee at the time Gillespie slipped upon it is not by itself enough evidence to Wal-Mart with negligence.); Hunter v. Dixie Home Stores, 232 S.C. 139, 101 S.E.2d 262 (1957) (holding that even though two employees were standing in proximity to where plaintiff fell, one ten to twelve feet away and the other 25 or 30 feet away, this alone was not enough evidence to establish the defendant had notice of the dangerous condition).  
AFFIRMED. [2]
STILWELL, KITTREDGE, and WILLIAMS, J.J., concur.

[1] Shannon Beish brought a general negligence action and Clarence Beish brought a loss of consortium claim.  Although the cases were appealed to this court separately, because the issues complained of are identical, we combined the appeals for purposes of this decision.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.