THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Judy M. Joye, Appellant,
 
 
 

v.

 
 
 
 Better Brands,
 Inc. & Worsley Companies, Defendants,
 Of Whom Worsley
 Companies is the Respondent.
 
 
 
 

Appeal From Georgetown County
 Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No. 2012-UP-265 
 Heard February 13, 2012  Filed May 2,
2012    

AFFIRMED

 
 
 
 Charles David Barr, of Kingstree, for
 Appellant.
 M. McMullen Taylor, Weston Adams, III, and
 Helen F. Hiser, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Judy M. Joye appeals the grant of summary
 judgment to Worsley Companies (Worsley), arguing the circuit court erred
 because genuine issues of material fact existed and Worsley was not entitled to
 judgment as a matter of law.  We affirm.  
We find the trial
 court did not err in holding no dangerous condition existed.  See Wintersteen
 v. Food Lion, Inc., 344 S.C. 32, 36, 542 S.E.2d 728, 730 (2001) (stating a storekeeper owes an invitee the duty of exercising
 reasonable or ordinary care for the invitee's safety and to keep aisles in a reasonably
 safe condition, but he "is not an insurer of the safety of his customers"). 
 Joye acknowledged the aisle was wide and the crates were lined up with other
 items.  Furthermore, she admitted nothing obscured her vision and the crates
 were not hidden by "tablecloths or anything like that."  She even
 admitted she saw the crates.  At oral argument, Joye acknowledged displays in
 aisles are not always unreasonably dangerous and was unable to identify any feature
 that made the Better Brands display distinctive or more dangerous.  Joye failed
 to set forth any specific facts showing that the display, which sat, visible,
 in a row of other items separating the aisle, was a dangerous condition.  See Hoard ex rel. Hoard v. Roper Hosp., Inc., 387 S.C. 539, 549, 694 S.E.2d
 1, 6 (2010) (stating Rule 56(e), SCRCP, requires that when a motion for summary
 judgment is made and supported as provided by the rule, an adverse party may
 not rest upon the mere allegations or denials of his pleadings); id. (stating
 the adverse party's response, including affidavits or as otherwise provided by
 the rule, must set forth specific facts showing there is a genuine issue for
 trial).  Accordingly, we find the trial court did not err in granting Worsley
 summary judgment. [1]  
AFFIRMED.
FEW, C.J., and HUFF and
 SHORT, JJ., concur.  

[1]  We need not address any remaining issues.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
 S.E.2d 591, 598 (1999) (providing an appellate court need not review remaining
 issues when its determination of a prior issue is dispositive of the appeal).