**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wanda V. Berry and Gary A. Berry, Appellants,

v.

Scott Richardson d/b/a Chick-Fil-A of Sumter Mall, Respondent.

Appellate Case No. 2019-000877

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

Unpublished Opinion No. 2022-UP-124
Submitted February 1, 2022 – Filed March 23, 2022

**AFFIRMED**

John Derrick Clark, of Clark Law Firm, LLC, of Sumter, for Appellants.

Kelsey Jan Brudvig and Claude Townsend Prevost, III, both of Collins & Lacy, PC, of Columbia, for Respondent.

**PER CURIAM:** Wanda and Gary Berry appeal the circuit court's grant of summary judgment to Scott Richardson d/b/a Chick-fil-A of Sumter Mall. On appeal, Wanda argues the circuit court erred by (1) finding her negligence claim

constituted an assertion of res ipsa loquitur and (2) failing to find the facts alleged and evidence presented created a genuine issue of material fact sufficient to survive summary judgment. Gary argues the circuit court erred by granting Chick-fil-A's motion for summary judgment on his claim for loss of consortium. We affirm.

1. We hold the circuit court did not err by granting Chick-fil-A's motion for summary judgment as to Wanda's negligence claim. *See Bluestein v. Town of Sullivan's Island*, 429 S.C. 458, 462, 839 S.E.2d 879, 881 (2020) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." (quoting *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011))); Rule 56(c), SCRCP (stating summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Bluestein*, 429 S.C.at 462, 839 S.E.2d at 881 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." (quoting *Turner*, 392 S.C. at 122, 708 S.E.2d at 769)). Wanda did not allege, nor is there any evidence in the record, that Chick-fil-A placed a foreign substance on its floor. *See Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 729-30 (2001) (providing that one way for a merchant to be held liable for a customer's injury from a slip and fall is for the customer to show that the foreign substance that caused the fall was placed on the floor by the merchant). Because Wanda failed to present evidence that Chick-fil-A actually was aware of a foreign substance on its floor when she fell and failed to remedy it, we find Wanda failed to show evidence existed from which a jury could reasonably find that Chick-fil-A had actual notice. *See id.* (providing that for a merchant to be liable for a customer's injury from a slip and fall "[i]n the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant . . . , or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall"); *Strother v. Lexington Cnty. Recreation Comm'n*, 332 S.C. 54, 64 n.6, 504 S.E.2d 117, 122 n.6 (1998) ("Generally, actual notice is synonymous with knowledge."). Moreover, because Wanda failed to present evidence of how long a foreign substance was on Chick-fil-A's floor or that the foreign substance was the result of a recurring, continual condition, we find Wanda failed to show any evidence existed from which a jury could reasonably find that Chick-fil-A had constructive notice. *See Wintersteen*, 344 S.C. at 36 n.1, 542 S.E.2d at 730 n.1 (stating the issue of constructive notice should be submitted to the jury when there is evidence showing (1) a foreign substance was on the merchant's floor for a sufficient length of time for the merchant to have discovered

and removed it or (2) the presence of a foreign substance on the merchant's floor was the result of a recurring, continual condition and there existed other evidence from which the merchant's knowledge of the substance could be inferred).[1] Accordingly, we find Wanda failed to present any evidence from which a jury could reasonably find that Chick-fil-A was liable for her injuries.

2.  Because we find the circuit court did not err by granting summary judgment on Wanda's negligence claim, we hold the circuit court did not err by granting Chick-fil-A's motion for summary judgment as to Gary's claim for loss of consortium.  *See Lee v. Bunch*, 373 S.C. 654, 663, 647 S.E.2d 197, 202 (2007); ("Generally, a plaintiff spouse's claim for loss of consortium fails if the impaired spouse's claim fails . . . ." (quoting 41 Am. Jur. 2d *Husband and Wife* § 227 (2007))); *Smith v. Ridgeway Chems., Inc.*, 302 S.C. 303, 307, 395 S.E.2d 742, 744 (Ct. App. 1990) (holding an injured party's husband could not recover on his loss of consortium claim because his wife was not entitled to recover for her injuries).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1]  We decline to address whether Wanda's negligence claim constituted an assertion of res ipsa loquitur because our finding that the circuit court properly granted Chick-fil-A's motion for summary judgment is dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address the appellant's remaining issues because the resolution of a prior issue was dispositive).

[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.