**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1726**

---

GERALD M. SHUTT,

> Plaintiff - Appellant,

v.

BI-LO, LLC,

> Defendant - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:20-cv-00722-MGL)

---

Submitted:  March 21, 2023                                   Decided:  May 16, 2023

---

Before NIEMEYER, KING, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Frederick I. Hall, III, THE RICK HALL LAW FIRM, LLC, Lexington, South Carolina, for Appellant.  Ryan C. Holt, Adam M. Crain, SWEENY, WINGATE & BARROW, P.A., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Gerald Shutt tripped and fell over a floor mat in a BI-LO grocery store in Lexington County, South Carolina, he commenced this action against BI-LO, LLC, for negligence in maintaining the mat, which, he alleged, was in a dangerous or defective condition. Shutt did not see the mat before tripping on it, and he did not observe any dangerous or defective condition about it after getting up. Nonetheless, he contended that the mat was either worn out and should have been replaced or became buckled or otherwise became elevated from the floor because of its use. But, in response to BI-LO's motion for summary judgment, he failed to provide any evidence to demonstrate the mat's *actual* condition, whether dangerous or defective. Moreover, photographs taken within an hour of the incident failed to confirm any dangerous or defective condition of the mat. It showed the mat lying flat and in an unremarkable condition in the produce section of the store.

Shutt nonetheless contended that the grout lines between the floor tiles underneath the mat were uneven and presented a dangerous condition for the mat lying over the tiles. While BI-LO acknowledged that the grout lines between tiles were not exactly level, Shutt failed to demonstrate that they were not within industry standards. While Shutt acknowledged that the American Society of Testing and Materials provides that changes in floor levels between ¼ inch and ½ inch "shall be beveled with a slope no greater than 1:2 (rise:run)," he presented no evidence that the grout lines at the BI-LO store created a change in level greater than ¼ inch, or that the grout line's slope was greater than the 1:2 (rise:run) standard.

2

Shutt also proffered the testimony of a floor mat expert to advance his claim. The mat expert's report concluded that because the subject mat "was either buckled, rippled, curled or otherwise elevated at least ¼ [inch] above the adjacent floor['s] level," it created "a trip hazard." But the expert acknowledged that he knew of no evidence about the subject mat's *actual* condition. Essentially, he assumed what Shutt had simply alleged, having no evidence of whether the mat was actually buckled, rippled, curled, or otherwise elevated. The district court thus granted BI-LO's motion to exclude the expert's testimony.

In these overall circumstances, the court granted BI-LO's motion for summary judgment for failure to present evidence of a dangerous or defective condition in connection with the mat.

Under South Carolina law, a plaintiff invitee must show that the store breached its duty of care to invitees by either a negligent act or omission. *See Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 237 (S.C. 2002); *Milligan v. Winn-Dixie Raleigh, Inc.*, 254 S.E.2d 798, 799 (S.C. 1979). And to satisfy that element, the plaintiff must show either that the defendant or the defendant's employees *created* a dangerous condition or that the defendant *had actual or constructive notice* of it. *See Cook v. Food Lion, Inc.*, 491 S.E.2d 690, 691 (S.C. Ct. App. 1997); *Anderson v. Racetrac Petroleum, Inc.*, 371 S.E.2d 530, 531 (S.C. 1988). More particularly for this case, Shutt had to present evidence either that BI-LO created the dangerous condition by using a mat that was buckled or rippled or was otherwise defective or that it had notice of such a condition before Shutt tripped on the mat. In this case, the district court found that Shutt failed to present any evidence to satisfy either prong. It concluded:

3

In sum, the record is without any evidence showing BI-LO created a dangerous condition here, or that a dangerous condition ever existed. "Injuries have countless causes, and not all should give rise to legal liability." *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 692 (2011). In this action, Shutt has neglected to establish BI-LO is liable for his misadventure.

On appeal, Shutt challenges both the district court's order granting BI-LO's motion to exclude his expert and its order granting BI-LO's motion for summary judgment.

We have examined the record and agree with the district court on both rulings. First, with respect to the expert, the expert was unable to give an opinion based on conditions *as they existed* in the BI-LO store. And with respect to summary judgment, we have reviewed the record and agree with the district court that Shutt has simply failed to present any evidence that BI-LO created a dangerous condition or that it had notice of a dangerous condition before Shutt tripped on the mat. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED